**Virginia M. READING, Plaintiff-Appellant,**

v.

**David MATHEWS, Secretary of Health, Education and Welfare, Defendant-Appellee.**

No. 76–1327.

United States Court of Appeals, Seventh Circuit.

Argued June 7, 1976.

Decided Oct. 15, 1976.

Lee Pettay, Bloomington, Ind., for plaintiff-appellant.

James B. Young, U. S. Atty., John L. Hudgins, Asst. U. S. Atty., Indianapolis, Ind., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and SWYGERT and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Plaintiff-Appellant, Virginia M. Reading, brought this suit to review the final decision of the Secretary of Health, Education

and Welfare denying appellant's application for child's disability insurance benefits under 42 U.S.C. § 402(d).

The general issue is whether the final decision of the Secretary denying benefits to appellant is supported by substantial evidence in the record of the Administrative Hearing. Two specific issues are raised by appellant. The first is the Secretary's conclusion that appellant has not been continually disabled by reason of the same disability from the time of her twenty-second birthday to the time of her application. The second issue questions the Secretary's conclusion that appellant was presently able to engage in substantial gainful activity as defined in 42 U.S.C. § 423. This second issue we need not reach.

The procedural and medical background must be briefly reviewed. Appellant was born February 23, 1925, being now 51 years of age. Her first application was filed in 1962 and was denied. No appeal followed. The present application was filed on September 15, 1971, claiming disability due to scarlet fever and diptheria at age 4, and spinal meningitis and arthritis. This claim was denied after hearing by the Administrative Law Judge and affirmed by the Appeals Council. Appellant sought review in the district court, but upon the joint motion of the parties the cause was remanded to the Appeals Council for further consideration. The Appeals Council affirmed its prior decision denying benefits. The case came again to the district court and on cross motions for summary judgment the motion of the Secretary was allowed affirming the agency's action. This appeal followed.

The appellant has a long history of medical problems. She is only four feet seven inches tall due to a type of dwarfism. When she was four years old she was hospitalized about two months because of septic scarlet fever, chickenpox and acute mastoid for which she underwent a mastoidectomy. She was found to be a diptheria carrier. No medical record was produced evidencing meningitis, or any resulting disability.

At age 37 appellant was examined by an internist. Historical data at that time revealed the presence of multiple joint arthritis of from seven to eight years duration, and reduced hearing since age four. Her hearing improved by the use of a hearing aid. She could walk in a fairly normal manner, but there were limitations of back motions. In the doctor's view she suffered from stunted bone growth (spondylo-epiphyseal dysplasia of congenital origin) and inflammation of the middle ear (chronic otitis media).

An ophthalmologist reported that he had treated appellant since she was about 39 years old for a retinal detachment in one eye and extensive retinal degeneration and break formation in the other eye. After treatment the retina remained reattached and the breaks in the other eye were well sealed.

A general practitioner reported in 1962 that he began treating appellant when she was about 37 years of age for rheumatoid arthritis of various joints, including hands, fingers and knees, and other ailments. Curvature of the upper spine (kyphoscoliosis) was also diagnosed. In a second report in 1972 this doctor reported that the appellant had been under his care since 1962 and treated for pyelonephritis, cystitis, and degenerative arthritis.

At age 37 appellant when interviewed at the Social Security Office was observed to be wearing a hearing aid and seemed to be able to converse normally, though she complained of becoming easily tired and nervous.

Supplementing this medical testimony was that of family and friends, as well as the appellant. Appellant's brother testified that his sister's principal problems prior to age 22 were poor hearing, shortness and poor mobility. Appellant testified that she had worn glasses since the fourth grade, but that except for a change of glasses from time to time as she grew older nothing serious developed until she was 39. She also stated that her hearing was an impairment but she didn't consider it much of a handicap. Prior to her 22nd birthday appel-

lant stated she required no medical treatment for her stiffness, and her arthritis was not noticeable to her until she was about 35 years old.

Appellant presently sums up her view of the evidence as showing that at age 22 she was dwarfed; had serious eye problems only partially corrected by glasses; had mobility difficulties, probably the beginning of arthritis, which limited her stamina; and was almost totally deaf.

The Secretary responds that short stature does not necessarily mean a person is disabled, and notes that no claim was made by appellant that this condition was disabling. The Secretary also responds that appellant's eye problems did not require medical treatment until she was 39 years old except for a change of glasses from time to time. The treatment at that time repaired the damage in both eyes, but the Secretary does not claim that appellant now has good eyesight. Further, the Secretary responds to appellant's arthritis claim by referring to the medical testimony that this condition had its onset when she was about 29 years old, and that the evidence is that she was not treated by her doctor for degenerative arthritis until she was 37 years old. Also, the Secretary finds that the evidence shows appellant has had reduced hearing since age four, but replies by showing that appellant by lip reading progressed into college, and later benefited from a hearing aid. Appellant testified she does not consider her hearing a handicap at this time.

Appellant's most disabling ailments presently are arthritis and eye impairment. Appellant admits that the date of the actual advent of these conditions is not precisely ascertainable. There was testimony from appellant that her mobility was somewhat restricted before age 22. She argues that her retina detachment could have begun prior to age 22, but was not possible to detect prior to age 25. No medical evidence was presented to establish when these conditions began other than what has already been noted.

The pertinent sections of the statute determinative of entitlement to child's insurance benefits are §§ 402 and 423 of Title 42 of the United States Code. Section 402(d) provides in part that to be eligible the applicant must be shown to be "under a disability (as defined in section 423(d) of the title) which began before he attained the age of 22. . . .." Section 423(d) then defines disability to mean "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." Section 423(d) also defines "physical or mental impairment" to be "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

We affirm. There is no question but that appellant has a long unfortunate medical history, but she has failed to establish that any present disability is a disability which existed as a disability at age 22. The evidence shows to the contrary. Appellant's arthritis and sight problems, now claimed by her to be her most serious handicaps and disabling, became serious enough to require medical attention only in later life. Appellant in her reply brief candidly agrees that at age 22 these difficulties, arthritis and vision, were not so acute when taken alone as to preclude employment, but argues that both began before that and gradually worsened into disabilities after that age.

Appellant has two theories. First, she seeks to justify her claim by combining the present more serious handicaps, arthritis and sight, which the evidence indicates developed in seriousness after age 22, with earlier handicaps such as hearing, which improved after age 22 to the point where they were no longer serious handicaps. Appellant urges a consecutive disability theory.

█ Appellant's hearing was improved by the use of a hearing aid and lip reading, and her sight by glasses and medical treatment. If impairments can reasonably be remedied or controlled by treatment, there is no basis for a finding of disability. *McCarty v. Richardson*, 459 F.2d 3 (5th Cir.

1972); *Osborne v. Cohen,* 409 F.2d 37 (6th Cir. 1969).

We do not believe the statute is subject to the interpretation appellant urges. The pertinent provision of the statute does not refer to an applicant being disabled at age 22 and also at the time of application, which might lend itself to that interpretation. The statute speaks of the disability itself. The disability must be a disability which began prior to age 22 and continued up to the time of application. In *Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973), the claimant was seeking to recover child's disability insurance benefits on the basis that he was disabled from the date of his 18th [now 22nd] birthday. The court stated:

> The available medical evidence indicates that he may have been disabled at the time of his application for benefits. We emphasize, however, that the burden is on the claimant to make two separate showings: (1) that claimant was disabled on his eighteenth [now 22nd] birthday, and (2) that this disability has continued until the date of application for benefits. 484 F.2d 647, 648.

Applicant has not met that test.

Secondly, appellant argues that the evidence shows that her later disabilities had or might have had some genesis prior to her 22nd birthday although they were not so serious at that age as to be disabilities. We believe the statute requires more than that. It requires that the disability exist as a disability at age 22. Some nondisabling physical condition at that age which later develops into a disability is not sufficient. The disability must be shown to be a medically determinable physical or mental impairment that results from anatomical, physiological or psychological abnormality demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *Jeralds v. Richardson,* 445 F.2d 36 (7th Cir. 1971). In addition, the applicant would have to establish that the impairment is severe enough to preclude substantial gainful activity. *Pierce v. Gardner,* 388 F.2d 846 (7th Cir. 1967), *cert. denied* in 390 U.S. 928, 88 S.Ct. 865, 19 L.Ed.2d 992, and 393 U.S. 885, 89 S.Ct. 197, 21 L.Ed.2d 162. In the case of children's benefits these requirements would apply at age 22 and up to the time of application. *Futernick v. Richardson, supra.*

Appellant argues that our view of the statute is contrary to *Randall v. Flemming,* 192 F.Supp. 111 (W.D.Mich.1961), but that case concerns an application for Social Security benefits, not child's disability insurance benefits. The case stands for liberal construction of the act, as is the recognized rule, but we do not believe the rule is so liberal as to give this court a license to amend the statute by ignoring its plain language. Appellant also relies on *Lowe v. Finch,* 297 F.Supp. 667 (W.D.Va.1969), but that case involved a person who had been continuously mentally retarded from birth, and was considered to have the mental age of an eight or ten year old. Appellant's reliance on *McCalip v. Richardson,* 460 F.2d 1124 (8th Cir. 1972), is also misplaced as it is distinguishable on its facts and did not raise the issue we face here. In that case the claimant's same disability continued throughout her lifetime. After taking the fourth grade twice she permanently discontinued school upon a doctor's advice. At the age of nine she lost complete use of one arm and one leg, and was diagnosed as schizophrenia latent type. Likewise, *Ransom v. Richardson,* 347 F.Supp. 325 (E.D. Wis.1972), does not aid appellant's cause. In that case the evidence was that the claimant suffered from a severe mental impairment from as early as three years of age, which continued.

Certain established principles also influence our view of the case. Section 405(g) provides that the "findings of the Secretary as to any fact if supported by substantial evidence, shall be conclusive. . . ." The conclusiveness to which the Secretary's findings are entitled applies as well to inferences reasonably drawn from that evidence even though we might have reached an opposite conclusion *de novo. Futernick v. Richardson, supra; Beane v. Richardson,* 457 F.2d 758 (9th Cir.

1972), *cert. denied* 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105. So also when there is a conflict in the evidence the resolution of that conflict is the duty of the trier of fact. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Bledsoe v. Richardson,* 469 F.2d 1288 (7th Cir. 1972).

We cannot find on this record other than that the Secretary's decision is supported by substantial evidence and that the statute has been correctly interpreted and applied. Therefore, the order of the district court granting defendant's motion for summary judgment and entering judgment in favor of the defendant and against the plaintiff is affirmed.

AFFIRMED.