Joel H. AXE and Alexander Axe

v.

Patricia Roberts HARRIS, Secretary of Health, Education and Welfare.

Civ. A. No. 79–3022.

United States District Court,
E. D. Pennsylvania.

Nov. 26, 1980.

---

4. There is no purpose to be served in holding a pretrial conference on this remaining claim.

Jack H. Land, Philadelphia, Pa., for plaintiff.

Antionette Serritella, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This is an action under the adult child's insurance provision, § 202(d), of the Social Security Act, as amended, 42 U.S.C. 402(d), to review the final decision of the defendant Secretary of Health, Education and Welfare[1] who affirmed the decision of the administrative law judge (ALJ) that claimant Joel H. Axe was not continuously disabled from age 22 until the time he filed his application for benefits, that he could and did engage in substantial gainful employment from May, 1964 until January, 1973, and that, consequently, he was not statutorily disabled. After careful and independent review of the record, the motion and memorandum filed in support thereof, I deny the motion and remand the case to the Secretary for additional findings and clarification of whether Axe was disabled before the age of 22, whether he was disabled at the time his application was filed and when during the period between these two critical dates he was able to engage in substantial gainful employment.

An individual is entitled to child's benefits if he (1) files an application for insurance benefits, (2) is the child of a person insured under the Act, (3) was dependent on the insured person, (4) is unmarried and (5) at the time the application was filed the claimant is suffering from a disability that began before age 22. 42 U.S.C. § 423(d)(1)(A), 40 C.F.R. § 404.350. A claimant is entitled to benefits the first month after filing the application in which he satisfies all the eligibility criteria. 40 C.F.R. 352(a). A disability must be such that it renders the claimant unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 40 C.F.R. § 404.1501(a)(1)(i).

The hearing examiner found that Axe attained age 22 on September 29, 1961 and that before reaching age 22 he was "hospitalized with a diagnosis of schizophrenia, paranoid type." (Findings Nos. 4, 5). However, the ALJ failed to find whether the mental disease constituted a statutory disability. 42 U.S.C. § 423(d)(1)(A). It appears also that the ALJ read the Act to require claimant to be continuously disabled from before age 22 through the filing of the application. In Finding No. 6, the ALJ notes that because claimant was substantially gainfully employed in various jobs from May, 1964 until January, 1973 he was not disabled. Finding No. 8 reads:

> The claimant was not under a 'disability' as that term is defined in the Social Security Act, which began before he attained age 22 and which *continued unabated through the present.* (Emphasis added.)

There is nothing in the Act which requires that the disability be continuous

---

1. The Department of HEW is now called the Department of Health and Human Services, and I shall refer to it as such throughout the rest of this memorandum.

over this period of time. On the contrary, § 404.351 of the regulations clearly contemplates through the use of the word "reentitlement" that a claimant may at times not be disabled after a period of disability and then, once again, become unable to engage in substantial gainful employment.

§ 404.351 Who may be reentitled to child's benefits.

If your entitlement to child's benefits has ended, you may be reentitled on the same earnings record if you have not married and if you apply for reentitlement. Your reentitlement may begin with—

(a) The first month in which you are a fulltime student and either you have not become 22 years old, or you become 22 years old in a month in which you are a full–time student and you have not completed the requirements for, or received, a degree from a 4–year college or university;

(b) The first month in which you are disabled, if your disability began before you became 22 years old; or

(c) The first month you are under a disability that began before the end of the 84th month following the month in which your benefits had ended because an earlier disability had ended. 40 C.F.R. § 404.351.

It is apparent then that the ALJ's findings are deficient in three respects: (1) whether Axe was disabled prior to his 22nd birthday on September 29, 1961, (2) whether he was disabled at the time his application for benefits was filed on June 20, 1977, and (3) when during the period between September 29, 1961 and June 20, 1977 he was disabled.

■ The case of *Reading v. Matthews*, 542 F.2d 993 (7th Cir. 1976), suggests that the disability must be ongoing during the interim between the claimant's attaining age 22 and the filing of the application. However, in *Reading*, the Seventh Circuit found the claimant to be unqualified for

benefits partly because the ailments listed in her application were not of such severity prior to her attaining age 22 that they could be deemed statutory disabilities under 42 U.S.C. § 423(d). I agree with *Reading* to the extent that it holds the Act as "[requiring] that the disability exist as a disability at age 22. Some nondisabling physical condition is not sufficient." *Reading v. Matthews, supra* at 997. Further, I agree with *Reading* that the same disability must be present before age 22 as that which serves the basis of claimant's application for benefits. However, I don't interpret the Act to mandate that the disability continue unabated from age 22 until the application is filed.

Accordingly, this case is remanded for additional findings of fact essential to a determination of the issues. As both parties are represented by counsel, on remand either party may request an additional hearing before the ALJ.[2]

---

**2.** This motion of the defendant for summary judgment is unopposed even though plaintiff is represented by counsel. Counsel for plaintiff has been granted an extension of time to respond to the government's brief which is dependent on a reading of the statute as requiring continuous disability from prior to age 22 until the application for benefits has been filed. To date the court has received no response from plaintiff's counsel.