**AXE, Joel and Axe, Alexander**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES et al.**

Civ. A. No. 79–3022.

United States District Court, E.D. Pennsylvania.

June 9, 1983.

---

Neal Axe, Philadelphia, Pa., for plaintiffs.

Stanley Weinberg, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

This is an action, brought under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of the final decision of the Secretary of Health and Human Services ("Secretary") denying plaintiff's claim for disabled adult child benefits. On March 27, 1974, plaintiff filed an application for

disability benefits, alleging that he became unable to work on February 14, 1974 when he was thirty four years old. The Bureau of Disability Insurance of the Social Security Administration ("Administration") denied plaintiff's application after the Pennsylvania state agency evaluated the evidence and concluded that plaintiff was not disabled. On April 24, 1974, plaintiff applied for adult child insurance benefits, claiming to be disabled by a mental disorder. This application also was denied. The findings in these applications became binding on plaintiff because he did not timely pursue administrative remedies. Thus, the court will not review these claims.

On June 20, 1977, plaintiff applied for adult child benefits, claiming that mental disease had rendered him unable to work in 1959 when he was nineteen years old. This application was denied. On *de novo* review in March of 1979, the Administrative Law Judge ("ALJ") found that plaintiff was not under a disability. The decision of the ALJ became the final decision of the Secretary when the Appeals Council approved it in June, 1979.

Plaintiff sought judicial review of the Secretary's determination in this court. Defendant moved for summary judgment. By memorandum order, the court denied said motion on November 26, 1980 and remanded the case to the ALJ for additional findings, namely: whether plaintiff was disabled before his twenty second birthday;[1] whether he was disabled when he applied for benefits in June, 1977; during what portion of the period between September 29, 1961 and June 20, 1977 plaintiff was disabled.

On remand, the ALJ held supplemental hearings on June 17 and August 6, 1981. The ALJ found that plaintiff suffered from a serious mental impairment, paranoid schizophrenia, which, from June of 1961 through at least November of 1963, was sufficiently severe to have prevented him from engaging in any work activity. The ALJ concluded that plaintiff suffered from

---

1. *I.e.,* on September 29, 1961.

this disability before he was twenty two years old and when he applied for benefits in 1977. He also determined that plaintiff was not under this disability from May of 1964 through December of 1972. The ALJ recommended that plaintiff be awarded to child's benefits based on the application filed in 1977. Although it adopted the ALJ's findings of facts regarding when plaintiff was and was not disabled, the Appeals Council did not adopt the ALJ's conclusion of law on the issue of plaintiff's entitlement to benefits. The Appeals Council's conclusion that plaintiff is not entitled to benefits is the final decision of the Secretary. Plaintiff sought judicial review of this decision.

Now before the court are defendant's renewed motion for summary judgment,[2] plaintiff's response thereto,[3] and defendant's reply. As did the Appeals Council, defendant maintains that continuous disability from his twenty second birthday through the date on which he applied for benefits is a prerequisite to plaintiff's entitlement to benefits. Because I conclude the position assumed by defendant and the Appeals Council is contrary to law, I will deny defendant's motion for summary judgment and enter summary judgment for plaintiff.

▇ The Social Security Act limits judicial review of the Secretary's final decisions. See 42 U.S.C. § 405(g).[4] Defendant submits that the decision of the Secretary must be affirmed by the court if it is supported by substantial evidence. The court believes that defendant underestimates the scope of judicial review. The Secretary's findings as to any *fact* must be affirmed if supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 390, 91 S.Ct.

1420, 1422, 28 L.Ed.2d 842 (1971). The court, however, may not affirm legal conclusions which are premised upon erroneous interpretations of the law. *Conley v. Ribicoff,* 294 F.2d 190 (9th Cir.1961); *Seldomridge v. Ribicoff,* 204 F.Supp. 707 (E.D.Pa. 1962).

▇ As 42 U.S.C. § 402(d)(1) and the implementing regulations, 20 C.F.R. § 404.-352, make clear, a person is entitled to disability benefits if the person applies for child insurance benefits and, at the time of said application, he or she:

(1) is the child of an insured person who is either entitled to old-age disability benefits or has died;

(2) is unmarried;

(3) is under a disability which began before his twenty second birthday;

(4) was dependent upon his insured parent.

The parties agree that plaintiff meets these requirements. In fact, the Secretary specifically adopted the ALJ's findings[5] that

the claimant's impairment became severe in January 1973 .... [t]he claimant was under a disability which began in January 1973 which has continued through the date of this decision. As of the date of his application of June 20, 1977, the claimant was disabled by the same impairment which had previously caused him to be under a disability prior to his attainment of age twenty-two.

Administrative Record at 176. However, the Secretary concluded that a person seeking these benefits must suffer from a disability which began prior to his twenty-second birthday and continued uninterrupted until he applied for benefits.

Defendant represents that *Lieberman v. Califano,* 592 F.2d 986 (7th Cir.1979), supports this argument. I disagree. The deci-

---

**2.** Where, as here, no genuine issue of material fact is disputed, the entry of summary judgment is appropriate. *Taylor v. Rederi,* 374 F.2d 545 (3d Cir.1967); Fed.R.Civ.P. 56.

**3.** Plaintiff denominates his filing as "Plaintiff's Answer to Defendant's Renewed Motion for Summary Judgment," rather than as a cross motion for summary judgment. Having read plaintiff's response, I conclude that he does in fact seek summary judgment against defend-

ant. Thus, I will treat his answer as a cross motion for summary judgment.

**4.** Section 405(g) provides, in part, "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

**5.** *See* Administrative Record at 161.

sion of the court in *Lieberman* turned on the insufficiency of evidence demonstrating that the claimant was disabled before her eighteenth birthday. Nowhere in the opinion did the court even remotely suggest that the Act required continuous disability. In fact, the court explicitly stated:

> the administrative law judge found that ... there was no evidence of a disabling psychological problem prior to age 18, other than claimant's own testimony with respect to the latter, which was insufficient to meet her burden of proving disability under the Act. We conclude that these findings were supported by substantial evidence and that the administrative law judge's legal conclusion based on these findings was correct.

*Id.* at 989. The Secretary also argues that *Reyes v. Secretary of Health, Education and Welfare,* 476 F.2d 910 (D.C.Cir.1973), supports his theory that the disability must be continuous. However, the denial of benefits in *Reyes* was premised solely upon the absence of clinical diagnostic evidence that plaintiff suffered from tuberculosis before he was eighteen. *Id.* at 914. Thus, *Reyes* provides no support for defendant's contention.

Similarly, the statute and implementing regulations are devoid of support for defendant's argument. Absent a clearly expressed legislative intent to the contrary, statutory language must be regarded as conclusive. *Consumer Product Safety Commission v. GTE Sylvania, Inc.,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). Defendant has cited no legislative history which demonstrates congressional intent that the language of the Act not be deemed conclusive.

Because I conclude that, as a matter of law, the Secretary erred by denying plaintiff benefits after finding as a fact that plaintiff was disabled, I will grant summary judgment for plaintiff and against defendant.