**Bernard KIDDA (Son of Andrew Kidda), Petitioner,**

**v.**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, Respondent.**

No. 84–3434.

United States Court of Appeals, Third Circuit.

Argued June 10, 1985.

Decided Aug. 6, 1985.

As Amended Aug. 21, 1985.

James D. Watt, Jr. (argued), Pottsville, Pa., for petitioner.

Francis X. Lilly, Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Michael J. Denney (argued), Michael J. Ward, Jr., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before WEIS, GARTH, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

GARTH, Circuit Judge:

Bernard Kidda was denied Black Lung Survivors Benefits because he was found not to have been continually disabled from the age of minority. Specifically, Kidda completed college and was employed for fifteen years before he became unemployed and, due to a current disability, unemployable. Kidda was initially granted benefits by the Administrative Law Judge (ALJ), but this determination was reversed by the Benefits Review Board. Kidda petitions this Court for direct review under 30 U.S.C. § 921(c).

### I.

It is undisputed that Kidda's father was a miner who died of Black Lung disease when Kidda was eleven. Kidda himself contracted tuberculosis at the age of four and was hospitalized for six years. The tuberculosis resulted in a permanent disfigurement of Kidda's hip.

Despite his disability, Kidda completed his studies and received a Bachelor of Science degree, and in 1958 became employed as a chemist with Gillette Research Institute, in a program for the handicapped. In 1969 Kidda transferred to another Gillette division. In 1973 he was fired following an altercation with another employee. In addition to his physical handicap, Kidda currently suffers from depressive psychosis.

The ALJ determined that Kidda became totally disabled at the age of four, and that Kidda is currently totally disabled. The ALJ further found that Kidda's employment with Gillette was substantial, gainful employment. However, the ALJ determined that a period of employment after

the age of majority, followed by a recurrence of total disability, did not bar reinstitution of black lung dependent children's benefits.

The Benefits Review Board reversed the ALJ, permitting the factual determinations to stand, but concluding that under the relevant statutory provisions, children's benefits may not be reinstituted following adult years of substantial gainful employment. We agree with the Board's conclusion and therefore deny Kidda's petition for review.

## II.

The Black Lung Benefits Act of 1972, 30 U.S.C. § 901 et seq., provides a scheme of compensation benefits for miners disabled by pneumoconiosis, and for the surviving dependent spouses and children of those miners who die from pneumoconiosis. 30 U.S.C. § 922(a)(3) provides for payment of black lung benefits to the children of a miner if the miner dies of pneumoconiosis. 30 U.S.C. § 902(g) defines "child" as:

(g) The term "child" means a child or a step-child who is—

(1) unmarried; and

(2)(A) under eighteen years of age, or

(B)(i) under a disability as defined in section 423(d) of Title 42,

(ii) which began before the age specified in section 402(d)(1)(B)(ii) of Title 42, or, in the case of a student, before he ceased to be a student; or

(C) a student.

This definition of eligibility for survivor's benefits was adapted directly from the analogous provision for survivor's benefits

in the Social Security Act, 42 U.S.C. § 402(g). See S.Rep. No. 743, 92d Cong., 1st Sess. *reprinted in* 1972 U.S.Code Cong. & Ad.News 2305, 2332.

Kidda seeks coverage under section 902(g)(2)(B)(ii), claiming that he is currently under a disability, and that this disability began before he reached the relevant age of twenty-two years under 42 U.S.C. § 402(d)(1)(B).[1] Kidda contends that nothing in section 902(g) requires that his disability have been continuous. The Director counters that section 902(g) was intended to continue children's benefits only to those children who do not attain independence. The Director contends that independence has been attained once a child is gainfully employed.

No case has resolved this question under the Black Lung Benefits Act. In interpreting the analogous provision authorizing social security insurance children's benefits, from which section 902(g) was taken, courts have reached conflicting results. In *Reyes v. Secretary of H.E.W.*, 476 F.2d 910 (D.C.Cir.1973) and *Futernick v. Richardson*, 484 F.2d 647 (6th Cir.1973), the Courts of Appeals for the D.C. and 6th Circuits concluded that under the *Social Security Act*, a disability must be continuous in order for a surviving child to qualify for benefits beyond the statutory age for eligibility.[2] In *Axe v. Department of Health and Human Services*, 564 F.Supp. 789 (E.D.Pa.1983) and *Axe v. Harris*, 503 F.Supp. 1049 (E.D.Pa.1980) the District Court for the Eastern District of Pennsylvania held that, in the absence of a contrary legislative intent, no continuity of

---

**1.** 42 U.S.C. § 402(d)(1)(B)(ii) provides in pertinent part:

**(d) Child's insurance benefits**
(1) Every child (as defined in section 416(e) of this title) of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual, if such child—

. . . . .

(B) at the time such application was filed was unmarried and ... (ii) is under a disability (as defined in section 423(d) of this title) which began before he attained the age of 22,
. . .

**2.** In both *Reyes* and *Futernick*, the courts dealt with 42 U.S.C. § 402(d)(1)(B)(ii), the analogous Social Security Act provision. At the time of those decisions, the relevant age for purposes of determining a child's eligibility for benefits was 18 years. Thus, the crucial statutory language provided that a child's disability must have been begun "before he attained the age of 18." The Social Security Amendments of 1972, Pub.L. No. 92–603 § 108(a), 86 Stat. 1329 (1972), extended the eligibility period to 22 years and substituted 22 for 18 as the age before which a child's disability must have begun. *See supra* note 1.

disability requirement was imposed by the statutory language.

The statutory eligibility requirement that the individual claiming survivors benefits based on disability be "under a disability ... which began before the age" of twenty-two years is susceptible of two interpretations. It could include a disability which "began" before age 22, ceased, then re-emerged as a similar disability sometime after age 22. On the other hand "a disability ... which began before" age 22 could be construed to refer to only *one* disability which began before age 22 and continued uninterrupted thereafter. This latter interpretation would exclude a disability which began before age 22, then ceased, followed by a similar disability commencing after age 22.

To resolve this ambiguity, and thus the issue presented in this appeal, it is necessary that we look to Congress' intent when it enacted the legislation under which Kidda claims. As noted, the purpose of the Black Lung Benefits Act survivor's benefits is to provide benefits to those survivors who are dependent upon the miner for support. See 30 U.S.C. § 901(a) (purpose to provide benefits to surviving *dependents* of miners). It cannot be said with certainty that Congress, by providing for such benefits, thereby intended that provision to apply to benefits for adult children of miners who, once having attained economic independence from their deceased parents, have then had their disability recur and have relied upon that recurrence as a basis for benefits.

The legislative history of section 902(g) does not itself resolve the issue. The Senate Report, in its discussion of this section, refers only to the analogous section of the Social Security Act:

(c)(4)

The term "child" is defined in the Act for the first time as section 402(g), with language conforming to the Social Security Act.

Senate Report No. 743, *supra*, 1972 U.S. Code Cong. & Ad.News at 2332.

The legislative history of section 402(d)(1)(B) of the Social Security Act, 42 U.S.C. § 402(d)(1)(B), from which section 902(g) was taken, is more illuminating. The Senate Finance Committee Report accompanying the provision states that:

The bill includes provision for payment of disabled child's benefits to the dependent disabled child of a deceased or retired insured worker if the child is *permanently and totally disabled* and has been so disabled since before he reached age 18.

S.Rep. No. 2133, 84th cong. 2d Sess. 2 (1956), *reprinted in* 1956 U.S.Code Cong. & Ad.News 3877, 3878 (emphasis added). Similarly, the House Report indicates an intent to provide for "*continuation* of monthly benefits to children who become *totally and permanently disabled* before age 18." H.R.Rep. No. 1189, 84th Cong., 2d Sess. 2 (1955) (emphasis added).

These expressions in the Committee reports, which pertain to the provision establishing children's benefits, reflect a congressional understanding that only those children who suffer from a permanent and total disablement and thus have been continuously disabled from an age earlier than the age of their independence (since raised from 18 to 22 years) would be eligible for benefits. There is no congressional expression which would support the argument advanced by Kidda, i.e. that re-entitlement occurs when a child, though disabled during childhood, recovers from a disability, then spends productive years in the workforce, but later relapses into the same disability suffered during childhood.

Based on the only expression of legislative intent which our research has disclosed, we must agree with the D.C. Circuit's conclusion that

the legislative history of that section ... indicat[es] explicitly that the intent of Congress was to provide benefits for children who were permanently disabled prior to age 18 and have remained so continuously to the present time.

*Reyes v. Secretary of Health, Education and Welfare*, 476 F.2d 910, 914 n. 5 (D.C.

Cir.1973). *Accord, Futernick v. Richardson,* 484 F.2d 647 (6th Cir.1973). In agreeing with the holding of the *Reyes* court, we perforce must reject the contrary conclusion reached in *Axe v. Harris, supra,* that a disability need not be continuous from age 22 for entitlement to children's benefits.

Even assuming that Kidda had established his disability prior to age 22,[3] he did not remain so continuously disabled as to be precluded from engaging in substantial gainful employment.[4] This being so, Kidda has failed to satisfy the statutory requirements for children's benefits.[5] Accordingly, we reach the same conclusion reached by the Benefits Review Board on June 4, 1984, that the benefits sought by Kidda must be denied.

We therefore deny Kidda's petition for review. Each party will bear its own costs.

---

**3.** The Director disputes the Administrative Law Judge's finding that Kidda was under a disability prior to age 22. Given our disposition of the legal issue in this case, we need not reach this factual issue.

**4.** Kidda challenges the Administrative Law Judge's finding that Kidda was engaged in substantial gainful employment during his years of employment with Gillette. After reviewing the record, we conclude that this finding is supported by substantial evidence.

**5.** Although Kidda has sought and been denied benefits under the Black Lung Benefits Act, both Kidda's brief and the Director's brief agree that Kidda is currently receiving Social Security disability benefits. *See* Appellant's brief at 5; Appellee's brief at 3. The Director's brief states that Kidda's disability benefits are in the amount of $550 per month.