**Peter Joseph ZHARN, Petitioner–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 01–2428.**

United States Court of Appeals, Sixth Circuit.

May 23, 2002.

Before RYAN, BOGGS, and COLE, Circuit Judges.

Peter Joseph Zharn appeals pro se from a district court judgment that affirmed the denial of his application for child's insurance benefits under the Social Security Act. Zharn's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Zharn applied for benefits when he was fifty-two years old. An Administrative Law Judge ("ALJ") found that he had suffered a severe shoulder dislocation, even though his condition was not equal to any of the impairments that are listed in Appendix 1 of the regulations. However, the ALJ also found that Zharn had been able to perform a full range of unskilled sedentary work when he was twenty-two. Thus, the ALJ relied on the medical-vocational guidelines ("grids") to find that Zharn had not been disabled during the relevant period. This opinion became the final decision of the Commissioner on Oc-

tober 27, 2000, when the Appeals Council declined further review.

The district court subsequently adopted a magistrate judge's recommendation, and dismissed Zharn's case on September 4, 2001. It is from this judgment that he now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on evidence to the contrary. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

■ To obtain a child's welfare benefits, Zharn was required to show that he was the child of an individual who died fully insured, and that: 1) he filed an application for benefits, 2) at a time when he was unmarried and either—i) was not yet 18 or enrolled full-time in school and not yet 19, or ii) was under a disability that began before he was 22, and 3) he was dependent upon the insured individual. 42 U.S.C. § 402(d)(1). It is undisputed that Zharn has filed a claim, that he was the dependent of a now-deceased, insured individual, and that he filed his claim while unmarried. However, Zharn was also required to show that he had been under a continuous disability which began before his twen-

ty-second birthday, on December 29, 1966. *See Reading v. Mathews*, 542 F.2d 993, 997 (7th Cir.1976); *Futernick v. Richardson*, 484 F.2d 647, 648 (6th Cir.1973) (*per curiam*).

Zharn testified that he did a lot of hiking and bicycling in the late 1960's and that he had a student job at that time, which required him to carry a fifty-pound instrument around the desert. This testimony provides substantial evidence which supports the ALJ's finding that Zharn had been able to perform the exertional demands of a full range of sedentary work when he was twenty-two years old. *See generally* 20 C.F.R. § 404.1567(a).

■ It is undisputed that Zharn has received supplemental security income benefits based on schizophrenia, since 1991. However, he has not established the existence of a significant mental impairment during the time that was relevant to the ALJ's decision.

Zharn now argues that the ALJ failed to give sufficient consideration to a report by Dr. Russin, who repaired a dislocation of his right shoulder in 1959. He argues that this report provides evidence of a "cerebellar atrophic condition by twice malpractice administration of sodium pentathol [*sic*], prepubescent." This argument, however, is not fairly supported by Dr. Russin's report, and Zharn has not pointed to any other part of the medical record which might show that he suffered brain damage as a child. *See generally Atterberry v. Secretary of Health and Human Servs.*, 871 F.2d 567, 571–72 (6th Cir.1989).

Furthermore, Zharn's suggestion that he suffered childhood brain damage is refuted by the description of his daily activities during the time that he was eighteen to twenty-two years of age. At that time, Zharn was a college student who earned a bachelor's degree in social sciences. His

activities included reading, bowling, swimming, and going to movies and dances. In addition, Zharn submitted a form from a college friend, who reported that Zharn had been a political activist and had worked on a small newspaper in the 1960's. There is nothing whatsoever in these reports which might indicate that Zharn had a debilitating mental impairment at that time.

■ Since Zharn had no past relevant work, the burden shifted to the Commissioner to show that a significant number of jobs were available to him despite his impairments. *See id.* at 569. The ALJ met this burden by posing a hypothetical question to a vocational expert that described an individual with an education and vocational background similar to Zharn's. In response, the expert identified a significant number of jobs that would have been available to such an individual, including a full range of unskilled sedentary work. The Commissioner then relied directly on the grids, which indicated that a significant number of sedentary jobs were available to Zharn despite his impairments. *See* 20 C.F.R. Part 404, Subpt. P, App. 2, Rule 201.27. Zharn has not raised any discernible challenge to the ALJ's question or the expert's response. Thus, the grids provide substantial evidence to support the Commissioner's ultimate determination that Zharn was not disabled. *See Atterberry,* 871 F.2d at 572.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.