Neal **FUTERNICK**, Plaintiff-Appellant,

v.

Elliott L. **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 72-2184.

United States Court of Appeals, Sixth Circuit.

Argued June 11, 1973.

Decided Aug. 29, 1973.

Norton J. Cohen, Detroit, Mich., for appellant; Miller, Klimist, Cohen, Martens & Sugerman, Detroit, Mich., on brief.

Nancy J. Ezis, Asst. U. S. Atty., for appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant, seeking child's disability insurance benefits, appeals from the order of the District Court granting the Secretary's motion for summary judgment. We affirm.

Plaintiff filed an application for benefits on June 25, 1968, after his father's death, alleging that he had been disabled by a mental condition since the age of six. After this application was denied administratively, a Hearing Examiner found that the claimant was not entitled to benefits. The Appeals Council affirmed and the District Court, on motion for summary judgment, refused to disturb the denial of benefits.

Appellant, who is presently 42 years old, seeks child's benefits under 42 U.S. C. § 402(d). His claim, based on his father's insured status, asserts that he was disabled as of June 15, 1949, his eighteenth birthday, and that his disability continued until the time of his application for benefits. If such disability was not continuous, he would not be entitled to benefits. 42 U.S.C. § 402(d)(1)(G).

■ The record indicates that plaintiff has had an emotional problem since the age of six. Contemporaneous medical reports during his minority described his condition as epileptic equivalent and night terrors. Since his eighteenth birthday he has often been hospitalized and has been diagnosed as a paranoic schizophrenic. The available medical evidence indicates that he may have been disabled at the time of his application for benefits. We emphasize, however, that the burden is on the claimant to make two separate showings: (1) that claimant was disabled on his eighteenth birthday and (2) that this disability has continued until the date of application for benefits.

Medical evidence submitted by claimant from two doctors, Dr. William Clark and Dr. George H. Hopson, indicates that claimant was disabled on June 15, 1949, by mental illness. There is virtually no evidence submitted by the Secretary to dispute this conclusion.

However, we agree with the District Court that there is substantial evidence that the claimant has not been disabled continuously since his eighteenth birthday. Claimant was employed for nineteen months by the Detroit Welfare Department in 1958–59. Although he was terminated in December 1959, for poor performance, there was no complaint about his work for the first sixteen months of his employment.

■ The regulations of the Secretary set out a rebuttable presumption that a person earning more than an average of $140 monthly is gainfully employed. 20 CFR § 404.1534(b). A person gainfully employed or capable of gainful employment is not disabled. 42 U.S.C. § 423(d)(2)(A). During the nineteen months of continuous employment during 1958-59, claimant earned considerably more than $300 per month.

Since his eighteenth birthday, claimant has received a college degree and has also worked in two other jobs for short periods. He has a driver's license which has been regularly renewed since 1957.

The Court of Appeals' jurisdiction in this case is founded upon 42 U.S.C. § 405(g) which provides that the Secretary's findings shall be conclusive "if supported by substantial evidence." The latter term has been defined by the Supreme Court as being " . . . more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L. Ed.2d 842 (1971).

This court's statement in Henry v. Gardner, 381 F.2d 191, 194 (6th Cir.), cert. denied, 389 U.S. 993, 88 S.Ct. 492, 19 L.Ed.2d 487 (1967), is particularly appropriate in this case:

> "We are bound by the inferences drawn by the Secretary even though we might have reached an opposite conclusion if we were free to consider the matter de novo." *See* Lane v. Gardner, 374 F.2d 612 (6th Cir. 1967).

 Substantial evidence on the record considered as a whole supports the conclusion of the Secretary that the claimant has not been disabled continuously since his eighteenth birthday.

Affirmed.