774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George A. Whitten, Plaintiff-Appellant,
v.
Secretary of Health and Human Services, Defendant-Appellee.
 No. 84-3733
 United States Court of Appeals, Sixth Circuit.
 9/13/85
 
 N.D.Ohio
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and NEESE[1], Senior District Judge.
 PER CURIAM.
 
 
 1
 Appellant George A. Whitten appealed from the district court's decision affirming the Secretary's denial of his application for social security benefits.
 
 
 2
 At the time of his application, Whitten was thirty-five years old and had a twelfth grade education. He had previously worked as a mechanic, draftsman, TV service technician and crane helper.
 
 
 3
 Whitten alleged a disability onset date of July, 1977, stemming from a dune buggy accident on May 22, 1977, in which he fractured his right arm. Whitten received conventional treatment for the fracture, and the injury healed, resulting in full strength and full range of motion in his right hand. He continued to complain of pain in his arm, however, and in 1980 Whitten underwent an osteotomy in which a malunion of the forearm was corrected. Medical reports indicated that this surgery was successful.
 
 
 4
 From 1977 to the time of this appeal, Whitten has consulted numerous doctors for treatment of various alleged ailments such as severe headaches, blurred vision, pain and numbness of the arms, mid and low back pain, tingling and numbness of both legs, pain in the left shoulder, pain in the neck, stomach problems, pain in the back of the right leg, extreme sensitivity to light, bad right arm, muscle cramps and muscle disease. Extensive testing was conducted to discover medical explanations for these complaints, and the tests revealed probable degenerative joint disease of the left shoulder and minimal anterior spurring of L3-L4 of the lumbar spine. All other tests yielded normal results.
 
 
 5
 Only two of the numerous physicians consulted diagnosed Whitten as disabled. Dr. Robert Gilliland, M.D., diagnosed claimant as suffering from muscle disease (genetic myopathy), basing his diagnosis in part on 'muscle biopsies of the past,' although the physician who actually performed the biopsies had noted 'isolated, myofiber atrophy, minimal, nonspecific' with 'no angitis or endomysial fibrosis.' Dr. Ragu R. Sambandham, M.D., examined Whitten on one occasion and noted restrictions on lifting and walking which were unsupported by previous medical findings. He also diagnosed congenital myopathy, but it was revealed that he had analyzed the wrong biopsy report in making this determination.
 
 
 6
 Because Whitten's physical complaints exceeded the medical findings, he was examined by psychologists and psychiatrists on several occasions. He was found to be of average intelligence, but immature and preoccupied with his physical complaints, with his pain possibly attributed to psychological factors. Final diagnoses were hypochondriasis, conditioned pain behavior and depression and anxiety disorder.
 
 
 7
 Whitten's claim was denied both initially and upon reconsideration. It was again denied by the a.l.j. following a de novo hearing, and a subsequent remand hearing. The Appeals Council modified the decision of the a.l.j. on May 13, 1983, finding that the claimant did have a severe impairment which precluded him from performing his previous work,[2] but concluding that claimant was capable of performing sedentary work. After applying the medical-vocational guidelines grid, the Appeals Council determined that Whitten was not disabled under Rule 201.22 of Table No. 1, Appendix 2 to Subpart P, Regulation No. 4 of the Social Security Act, as amended. This finding was affirmed by the district court.
 
 
 8
 Whitten alleges that the court erred in affirming the Secretary's finding that he could perform work in the sedentary classification. Sedentary work is defined as follows:
 
 
 9
 Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 10
 20 C.F.R. Sec. 404.1567(a). The a.l.j. could find no substantial support for Whitten's claims of inability to lift and walk. Although Whitten mistakenly argued that at the remand hearing the Secretary could only consider information adduced on remand, the Sixth Circuit recognized in Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973), that the substantiality of the evidence must be based upon consideration of the record as a whole. See also Stamper v. Harris, 650 F.2d 108, 111 (6th Cir. 1981); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1981). In sum, while Dr. Sambandham's restrictive physical capacities evaluation was considered by the a.l.j., the Appeals Council, and the magistrate below, these reviewing officials were not required to dismiss the body of medical evidence which had previously been presented. Stated differently, the reviewing court may not focus on a single piece of evidence and disregard other pertinent evidence. Beavers v. Secretary, HEW, 577 F.2d 383, 388 (6th Cir. 1978); Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978). In addition, the a.l.j. observed in his conclusion that the probative value of Dr. Sambandham's report was minimal, as were Whitten's subjective allegations of pain.
 
 
 11
 Whitten's final assignment of error urged that the Secretary ignored the physicians' reports. A review of the decision of the Appeals Council and the district court disclosed, contrary to Whitten's assertions, that consideration was given to all of the proferred evidence. As the Sixth Circuit observed in Wakojance v. Weinberger, 513 F.2d 210 (6th Cir.), cert. denied, 423 U.S. 856, 96 S.Ct. 106 (1975), it is for the Secretary, not the appellate court, to resolve conflicts in the evidence and to decide questions of credibility.
 
 
 12
 In view of the foregoing this case is AFFIRMED.
 
 
 
 [1]
 Hon. C.G. Neese, Senior District Judge, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [2]
 The Appeals Council found that Whitten's hypochondriasis and myopathy with associated pain and limitations of basic work activities established a severe impairment