774 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Marmon, Plaintiff-Appellant,
v.
Secretary of Healthand Human Services, Defendant-Appellee.
 No. 84-6111
 United States Court of Appeals, Sixth Circuit.
 9/19/85
 
 W.D.Tenn.
 AFFIRMED
 On Appeal from the United States District Court for the Western District of Tennessee
 Before: KENNEDY and KRUPANSKY, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Willie J. Marmon, appeals the District Court order affirming the decision of the Secretary of the Department of Health and Human Services ('the Secretary') denying social security disability insurance benefits. Appellant was born on July 1, 1945. Appellant testified at the administrative hearing that he has a twelfth grade education. Appellant last worked as a truck driver, but also has worked as a security guard, warehouseman, bus driver, railroad switchman, sergeant in the Marine Corps, box-car repairer, cardboard cutting machine operator, and janitor.
 
 
 2
 Appellant initially filed an application for disability insurance benefits on May 9, 1980 alleging a disability beginning on October 12, 1979. The Secretary denied appellant's application. Appellant reapplied for disability insurance benefits on March 16, 1981 and again alleged a disability from mental illness and a digestive disorder beginning October 12, 1979. The Secretary denied appellant's application initially and again on reconsideration. Appellant requested a hearing before an Administrative Law Judge ('ALJ'). The ALJ concluded that appellant was not entitled to disability insurance benefits. The Appeals Council upheld the ALJ's decision, which therefore became the final decision of the Secretary. Appellant brought an action in the United States District Court for the Western District of Tennessee. The District Court assigned the action to a magistrate. In a report and recommendation dated July 20, 1984, the magistrate upheld the Secretary's decision. Appellant appealed the magistrate's report. The District Court entered an order of dismissal on November 27, 1984 agreeing with the magistrate's report and recommendation and affirming the Secretary's decision.
 
 
 3
 Appellant raises three issues on appeal: (1) Whether substantial evidence supports the Secretary's finding that appellant did not suffer from a severe impairment; (2) Whether the District Court erred by failing to remand the action for a full development of appellant's disability including appellant's age, education, and vocational history; (3) Whether the District Court erred in finding that the ALJ had made implicit findings on appellant's complaints of pain. For the reasons stated below, the District Court order dismissing appellant's complaint is affirmed.
 
 I.
 
 4
 Appellant argues that substantial evidence does not support the Secretary's finding that appellant did not suffer from a severe impairment. Consistent with our opinion in Salmi v. Secretary of Health and Human Services, No. 85-1073, this Court holds that an impairment qualifies as non-severe only if, regardless of a claimant's age education, or work experience, the impairment could not affect the claimant's ability to work. Under 42 U.S.C. Sec. 405(g), '[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..' The Supreme Court has defined substantial evidence as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). We may not overturn the Secretary's findings unless this panel determines that substantial evidence does not support those findings. Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The ALJ's findings of fact became the Secretary's findings when the Appeals Council allowed the ALJ's decision to stand as the final decision of the Secretary.
 
 
 5
 Appellant alleged disability from severe muscle spasms, rectal pains, and bad nerves. Appellant testified that he first started having rectal pains in October 1979. Appellant underwent a prostate operation in July 1979. Appellant testified at the administrative hearing that after he returned to work he started having pains in his legs while away from home driving a truck. When appellant was hospitalized in October 1979 for rectal discomfort, a rectal examination revealed a snug external sphincter, but did not disclose a fissure or fistula. A proctosigmoidoscopy and a barium enema did not reveal any abnormalities. Dr. Daniel E. Griffin, a gastrointestinal diagnostician, treated appellant between November 20, 1979 and February 7, 1980 and concluded that appellant suffered from proctalgia fugax, a condition characterized by pain in the rectum, and erythema, redness of the skin. Dr. Griffin, however, did not find any signs of lesions.
 
 
 6
 Appellant was again hospitalized in April 1980 after complaining of rectal pain. A myelographic examination and an EMG yielded normal results. Tests did not demonstrate any lesions. The hospital discharged appellant with a diagnosis of 'rectal pain, etiology not definitely determined.' Dr. Buck Snyder, the attending physician, referred appellant to Dr. Nancy Duckworth for psychiatric evaluation.
 
 
 7
 Dr. Duckworth, a psychiatrist, treated appellant during and after his April 1980 hospitalization. Dr. Duckworth diagnosed appellant as suffering from depressive neurosis and psychophysiological gastrointestinal disorder. Dr. Duckworth's report indicated that appellant could understand simple instructions, carry out instructions under normal supervision, and probably could relate appropriately to co-workers and supervisors. Dr. Duckworth, however, felt it was doubtful that appellant could meet production standards and did not think that appellant could maintain a job by adequately attending work.
 
 
 8
 On September 9, 1980, Dr. Duckworth sent appellant a letter stating that she did not think appellant would improve without treatment specifically directed to alcohol addiction. Dr. Duckworth stated that in thirty days she would no longer consider herself as appellant's physician. In October 1980, appellant was admitted to a hospital for alcohol abuse and treatment. At the administrative hearing, appellant testified that he stopped drinking at this time.
 
 
 9
 Dr. Joseph E. Crupie, another psychiatrist, examined appellant in October 1980 and April 1981. Dr. Crupie diagnosed appellant as suffering from psychophysiological gastrointestinal reaction involving the rectum, possible alcohol abuse, and possible chronic pulmonary disease, but did not find any overt evidence of psychosis or feelings of unreality, persecution, or hallucinations. Although Dr. Crupie checked boxes indicating that appellant was not significantly restricted in his ability to understand simple instructions and in his ability to carry out instructions under ordinary supervision, he did check boxes indicating that appellant would be restricted in sustaining work performance and functioning in an ordinary work setting.
 
 
 10
 Dr. Alan D. Samuels, a gastroenterologist, performed a digital rectal examination on December 3, 1980, which did not disclose any abnormalities. Appellant could not tolerate a complete digital examination or a sigmoidoscopic exam. Dr. Samuels acknowledged that appellant was having rectal pain but could not render a complete diagnosis without further examination.
 
 
 11
 Dr. Phil Bleecker, an internist, examined appellant on April 10, 1981. Appellant, however, again declined a rectal examination. Dr. Bleecker's report noted that although appellant complained of rectal pain, previous examinations 'have not proven [the rectal pain] to be of disease origin but rather more likely nerve spasms from his aggravated nervous system.'
 
 
 12
 Dr. Ben Bursten, Professor and Vice-Chairman of the Department of Psychiatry and Clinical Psychology Associates at the University of Tennessee Center for the Health Sciences, examined appellant on March 11, 1982. Dr. Bursten noted that numerous physical examinations by several doctors had failed to demonstrate any significant physical pathology. Dr. Bursten diagnosed appellant as having apsychophysiological reaction and stated that appellant had not exhausted all possibilities of treatment. Dr. Bursten noted that it was difficult to assess how motivated appellant was because appellant was convinced that nothing would help. Although Dr. Bersten concluded plaintiff suffered from a significant disability, Dr. Bersten failed to specify the disability or classify appellant's exertional limitations.
 
 
 13
 Appellant testified at the administrative hearing that he suffers pain in his rectal area, especially when he stands up. Appellant also complained of constant problems with his bowel movements. Appellant, however, did not visit a physician on a regular basis. Appellant testified at the administrative hearing that he takes care of his personal needs and helps with the housework by cooking, washing the dishes, sweeping the floors, and making the bed. The appellant's wife owns a beauty aslon. Appellant told a disability interviewer and Dr. Bursten that he opens the beauty salon in the morning and answers the phone until his wife gets there. After appellant's wife arrives at the shop, appellant goes home and does light housework, takes a nap, and sometimes does the grocery shopping.
 
 
 14
 The ALJ found that the appellant did not suffer from a severe impairment which would significantly limit the appellant's ability to perform basic work-related functions. The ALJ observed that several physicians had analyzed appellant's condition but could not discover a disease origin for the rectal pain. The ALJ acknowledged that although appellant has some restriction in his daily activities, treatment and appellant's cooperation could improve his condition.
 
 
 15
 The record contains conflicting medical evidence. In such situations, the Secretary must resolve the conflicts in the evidence and decide questions of credibility. Wokojance v. Weinberger, 513 F.2d 210, 212 (6th Cir. 1975), cert. denied, 423 U.S. 210 (1976). The administrative record contains substantial evidence that appellant did not suffer from a severe impairment which would significantly limit his ability to perform basic work-related functions.
 
 II.
 
 16
 Appellant contends that the District Court and the ALJ erred in failing to consider appellant's age, education, and vocational history before making a determination that appellant did not suffer from a severe disability. For the reasons stated in our opinion in the Salmi case, we reject appellant's contention. Although Salmi deals with supplemental security income benefits and this case involves social security disability insurance benefits, both statutes use identical language. See 42 U.S.C. Sec. 423(d)(2)(A) and 42 U.S.C. Sec. 1382c(a)(3)(B). Consequently, the District Court and the ALJ did not err in failing to consider appellant's age, education, and vocational history before concluding that appellant did not suffer from a severe disability under the circumstances of this case.
 
 III.
 
 17
 Appellant claims the District Court erred in finding that the ALJ had made implicit findings on appellant's complaints of pain. Although appellant argues that the ALJ did not make any findings regarding appellant's complaints of pain, the ALJ did state: 'A careful analysis of the evidence of the record shows that the appellant suffers from a psychophysical condition with rectal and psychogenic pain.' In recognizing this pain but concluding that appellant did not suffer from a severe impairment, the Secretary implicitly rejected appellant's testimony alleging severe pain. We may accept the ALJ's implicit findings if substantial evidence supports those findings. Berry v. Schweiker, 675 F.2d 464, 469 (2d Cir. 1982). Furthermore, we must uphold the Secretary's inferences even though this panel may have reached an opposite conclusion if this panel could consider the matter de novo. Henry v. Gardner, 381 F.2d 191, 194 (6th Cir.), cert. denied, 389 U.S. 993 (1967), reh'g denied, 389 U.S. 1060 (1968); Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). Substantial evidence supports the ALJ's conclusion that although appellant suffers from a psychophysical condition with rectal and psychogenic pain, appellant does not suffer from a severe impairment that affects his ability to perform basic work activities.
 
 
 18
 Accordingly, the District Court order dismissing appellant's complaint is affirmed.