904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary LIGGONS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-2087.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1990.
 
 Before WELLFORD and BOGGS, Circuit Judges, and DAVID D. DOWD*, Jr., District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Mary Liggons, appeals from the Secretary's denial of disability insurance benefits. The issue here is whether the Secretary's finding that plaintiff maintained the residual functional capacity to perform her past relevant work as a nurse's aide is supported by substantial evidence. We affirm the district court's grant of the Secretary's motion for summary judgment.
 
 FACTS AND PROCEDURAL HISTORY
 
 2
 On March 6, 1987, plaintiff filed an application for disability insurance benefits after suffering a gunshot wound to the right forearm.[1] The Social Security Administration denied plaintiff's application initially and on reconsideration. Administrative Law Judge (ALJ) Michael F. Wilenkin found that plaintiff was not disabled because she maintained the residual functional capacity to perform her past relevant work as a nurse's aide. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Secretary.
 
 
 3
 Plaintiff sought judicial review, and the district court referred cross motions for summary judgment to a magistrate. Magistrate Binder recommended that the Secretary's motion for summary judgment be granted. The district judge considered plaintiff's objections to the magistrate's report and recommendation and thereafter granted the Secretary's motion. Plaintiff appeals from the entrance of this order.
 
 STANDARD OF REVIEW
 
 4
 The standard of review applied by this court in reviewing a determination by the Secretary is whether the decision is supported by substantial evidence. Young v. Secretary, H.H.S., 787 F.2d 1064, 1066 (6th Cir.1986) (citing Richardson v. Perales, 402 U.S. 389, 391 (1971)); see also 42 U.S.C. Sec. 405(g); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). A reviewing court may not conduct a de novo examination of the case, nor resolve conflicts in the evidence, nor decide questions of credibility. Garner, 745 F.2d at 387. When supported by substantial evidence, the Secretary's findings of fact shall be conclusive and shall not be overturned. 42 U.S.C. Sec. 405(g).
 
 
 5
 The Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The existence of substantial evidence to support the Secretary's findings must be based upon the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980) (citing Futernick v. Richardson, 484 F.2d 647 (6th Cir.1973)). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966); Muller v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir.1984)).
 
 ANALYSIS
 
 6
 In order to be eligible for benefits, a plaintiff must establish the onset of disability prior to the expiration of his or her insured status. Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984); Gibson v. Secretary, H.E.W., 678 F.2d 653, 654 (6th Cir.1984). Plaintiff Liggons filed an application for disability insurance benefits on March 6, 1987, three years after she was wounded in the right arm. After reviewing plaintiff's social security earnings' record, the ALJ concluded that claimant's insured status ended on December 31, 1985.[2] We, therefore, limit our review to the medical evidence presented in the record which pertains to plaintiff's condition prior to December 31, 1985. Richardson, 750 F.2d at 509.
 
 
 7
 The regulations promulgated under the Social Security Act provide the steps to be followed in evaluating whether a plaintiff is disabled. See 20 C.F.R. Sec. 404.1520(a). In this case, plaintiff must establish that her impairments prevent her from performing her past relevant work as a nurse's aide. 20 C.F.R. Sec. 404.1520(e). In addition, the Act requires that plaintiff's impairment last, or be expected to last, for a period of not less than twelve months. 42 U.S.C. Sec. 423(d)(1)(A). In applying the steps outlined in the regulations, the ALJ found that he could not make a decision based on plaintiff's work activity or on medical facts alone. The ALJ, therefore, reviewed plaintiff's residual functional capacity in light of the physical and the mental demands of plaintiff's past work as a nurse's aide, and concluded that plaintiff was not disabled during the period in question.
 
 
 8
 A review of the relevant medical evidence suggests that plaintiff was not prevented from working before her insured status ended on December 31, 1985. Dr. Armando Ortiz, plaintiff's treating physician, in no way indicated that plaintiff was not able to resume her work as a nurse's aide. Indeed, Dr. Ortiz's reports indicate that plaintiff experienced a favorable recovery and by September of 1984, suffered "no atrophy or weakness." Plaintiff apparently did not seek any medical treatment until January of 1987 when she returned to Dr. Ortiz complaining of pain in her right arm. Dr. Ortiz recommended an electromyogam, but plaintiff did not pursue the test.
 
 
 9
 With respect to plaintiff's alleged mental impairments, there is no specific documentation in the medical record to suggest that plaintiff's emotional problems began before her insured status ended on December 31, 1985. Neither psychiatric examination made of her makes reference to plaintiff's mental condition during the time of her insured status. Although plaintiff appears to have been rendered fearful and emotional by reason of the circumstances of her injury, we find substantial evidence to support the decision that she is not disabled within the meaning of the Act.
 
 
 10
 We, accordingly, AFFIRM the judgment of the district court.
 
 
 
 *
 THE HONORABLE DAVID D. DOWD, JR., Judge, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 On February 25, 1984, plaintiff was shot while waiting to be weighed at a Weight Watchers' meeting. Apparently, the bullet which wounded plaintiff was fired from a handgun that discharged accidentally when it fell from another participant's purse. In her brief, plaintiff contends that she was shot by a robber while she stood outside a storefront. The record contains three reports of the incident in question. None of the reports, however, mentions an "attack," a "robber," or an "assailant of any kind." Plaintiff's characterizations of the incident in her brief, therefore, appear to be without merit
 
 
 [2]
 After this date, plaintiff no longer met the 20/40 requirement (20 quarters of coverage within a 40-quarter period) established under the Act and the regulations. 42 U.S.C. Sec. 423(c)(1)(B)(i); 20 C.F.R. Sec. 404.130(b)