904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rickie L. MIDDLETON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-6057.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1990.
 
 Before WELLFORD and BOGGS, Circuit Judges, and HORACE W. GILMORE*, District Judge.
 PER CURIAM:
 
 
 1
 Plaintiff, Rickie L. Middleton, appeals an order of the district court affirming the Secretary's denial of supplemental security income benefits. We must decide: (1) whether plaintiff's impairment qualifies under Sec. 1.03(A) of the Listing of Impairments; and (2) whether the record contains sufficient medical evidence for evaluating plaintiff's subjective complaints of pain. Because we find the record inconclusive with respect to plaintiff's capacity to perform a full range of sedentary work, we remand for consideration of further medical evidence.
 
 I.
 
 2
 Plaintiff filed an application for supplemental security income benefits on January 7, 1987, alleging disability due to a hip impairment. The administrative law judge (ALJ) assigned to the case denied plaintiff's application initially and on reconsideration. The Appeals Council denied review. Plaintiff thereafter sought judicial review of the Secretary's decision and the case was assigned to a magistrate who issued a recommendation that the Secretary's decision be affirmed. Approving the magistrate's report and recommendation, the district court affirmed the denial of benefits.
 
 
 3
 Plaintiff was thirty-two years old at the time of the hearing before the ALJ. He has a high school education and prior work experience as a truck driver, janitor, and laborer. He alleges disability beginning October 1978 because of a hip impairment and the resulting pain.
 
 
 4
 The medical evidence indicates that among other injuries, plaintiff fractured his right femur and humerus in a motor vehicle accident in 1973. Plaintiff underwent surgery to repair an open reduction and internal fixation of the fracture of the neck of the right femur soon after the accident. The record contains no evidence of further treatment until plaintiff's hospitalization in 1975 for removal of pins inserted during the femur surgery. Although the pins were removed without complication, plaintiff developed aseptic necrosis of the right femur, a condition characterized by increasing sclerosis and cystic changes in the head of the femur (i.e., death of upper part of thigh bone).
 
 
 5
 According to the record, plaintiff did not seek medical attention for another nine years. In March 1984, plaintiff visited Dr. Dennis Lane complaining of problems with his right hip. Dr. Lane observed that plaintiff had lost internal and external rotation but had good flexion and extension with limited abduction. Dr. Lane discussed the option of a hip fusion or arthroplasty with plaintiff, but plaintiff refused such treatment. Dr. Lane advised plaintiff to use a cane and prescribed anti-inflammatory medication. Thereafter, Dr. Lane indicated that plaintiff was disabled due to severe post-traumatic degenerative arthritis of the right hip.[1]
 
 
 6
 Dr. Douglas Dewar, a family practitioner, examined plaintiff for the first and only time on November 11, 1986, over two and a half years after Dr. Lane's examination. Plaintiff's complaints related to his left leg rather than his previously injured right hip. Dr. Dewar did not examine plaintiff's right hip. Dr. Dewar diagnosed sciatica[2] of the left leg and instructed plaintiff to return within four or five days.[3]
 
 
 7
 Dr. Norman Ellingsen, a Board-Certified Orthopedic Surgeon, examined plaintiff on August 26, 1987, at the request of plaintiff's attorney. Dr. Ellingsen observed that plaintiff walked with a short leg gait on the right and that plaintiff could lift his leg 90 degrees bilaterally with symmetrical deep tendon reflexes. Dr. Ellingsen, however, noted that plaintiff was not taking medication or using supportive aids to relieve his hip pain. Dr. Ellingsen diagnosed avascular necrosis[4] of the right hip and concluded that plaintiff was disabled from any "manual labor" and would need a cementless pressed-fit total hip arthroplasty to alleviate his symptoms.
 
 
 8
 X-rays demonstrate that plaintiff has an old fracture deformity of the femoral neck with shortening and degenerative changes. X-rays also indicate a possible fusion of the inferior aspect of the joint space with the femoral head. The remaining portions of the femur, however, appear to be intact.
 
 
 9
 Upon review, the ALJ determined that plaintiff had a history of fracture of the head of the right femur and the development of avascular necrosis which constituted a severe impairment, but concluded that plaintiff's impairment was not listed in, or medically equal to one listed in, the Regulations. The ALJ found that, based upon the evidence, plaintiff was restricted in his ability to lift heavy objects or perform work requiring extensive standing or walking. The ALJ concluded that plaintiff was unable to perform his former job as a truck driver, but found that plaintiff continued to possess the residual functional capacity to perform a full range of sedentary work. The ALJ also rejected plaintiff's allegations of pain and other incapacitating symptomatology because of lack of credibility.
 
 II.
 A.
 
 10
 The standard of review applied by this court in reviewing a determination by the Secretary is whether the decision is supported by substantial evidence. Young v. Secretary, H.H.S., 787 F.2d 1064, 1066 (6th Cir.1986) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also 42 U.S.C. Sec. 405(g) (1982); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). The reviewing court may not conduct a de novo examination of the case, nor resolve conflicts in the evidence, nor decide questions of credibility. Garner, 745 F.2d at 387. When supported by substantial evidence, the Secretary's findings of fact shall be conclusive and shall not be overturned. 42 U.S.C. Sec. 405(g).
 
 
 11
 The Supreme Court has defined "substantial evidence" as "more than a mere scintilla." It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The existence of substantial evidence to support the Secretary's findings must be based upon the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980) (citing Futernick v. Richardson, 484 F.2d 647 (6th Cir.1973)). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).
 
 B.
 
 12
 Plaintiff contends first that his condition satisfies Sec. 1.03(A) of the Listing of Impairments which pertains to arthritis of a major weight-bearing joint. See 20 C.F.R. Part 404, Subpart P, Appendix I, Sec. 1.03(A). Plaintiff, however, did not raise this issue before the Appeals Council[5] or the district court. Moreover, plaintiff did not raise this argument in his objections to the proposed findings of the magistrate. Because plaintiff raises this issue for the first time on appeal, we decline to address this argument. See Yeiter v. Secretary, H.H.S., 818 F.2d 8, 11 (6th Cir.), cert. denied, 484 U.S. 854 (1987) (holding plaintiff's failure to raise issue before district court precludes raising issue for first time on appeal); see also Dale v. Heckler, No. 88-5985, slip op. at 4 (6th Cir. May 25, 1989) (unpublished per curiam).
 
 C.
 
 13
 Plaintiff also asserts that the ALJ and the magistrate incorrectly applied the two-prong test established in Duncan v. Secretary, H.H.S., 801 F.2d 847, 853 (6th Cir.1987),[6] for evaluating subjective complaints of severe and disabling pain. See McCormick v. Secretary, H.H.S., 861 F.2d 998, 1003 (6th Cir.1988) (holding that temporary test announced in Duncan will apply to all future determinations under 20 C.F.R. Sec. 404.1529). The Secretary contends that the findings of the ALJ are supported by substantial evidence. A review suggests that, while there is some objective basis for the pain alleged, the record contains insufficient medical evidence for evaluating plaintiff's subjective complaints of pain.
 
 
 14
 Plaintiff certainly suffers from some amount of pain and functional restriction due to the degenerative condition of his hip. The medical evidence demonstrates that plaintiff walks with a slight limp and is not capable of performing work that requires heavy lifting, extensive standing or walking. Although plaintiff appears to have a good range of motion in his lower extremities, he appears to be disabled from performing most types of manual labor. In the absence of sufficient medical evidence as to the severity of plaintiff's pain, however, we are unable to determine whether substantial evidence supports the ALJ's determination that plaintiff, despite this apparent inability to participate in manual labor, maintains the residual functional capacity to perform some type of sedentary work.
 
 
 15
 We, therefore, REMAND with instructions that plaintiff be afforded the opportunity to present additional medical evidence with respect to his claim of disability and disabling pain.
 
 
 
 *
 THE HONORABLE HORACE W. GILMORE, Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Dr. Lane apparently did not see plaintiff again after this visit
 
 
 [2]
 Sciatica is defined as a pain running up and down the leg, typically caused by pressure on a nerve. See Sloane, The Sloane-Dorland Annotated Medical-Legal Dictionary at 630
 
 
 [3]
 Plaintiff never returned for additional treatment
 
 
 [4]
 Avascular necrosis is a condition of bone deterioration or bone death due to deficient blood supply to the area. See Sloane, supra at 476
 
 
 [5]
 The ALJ found that the fracture that plaintiff sustained to his femur did not qualify as an impairment under Sec. 1.11 dealing with fractures of the femur, tibia, tarsal bone or pelvis
 
 
 [6]
 In Duncan, we stated:
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 801 F.2d at 853.