914 F.2d 255
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claude ALEXANDER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-6511.
 United States Court of Appeals, Sixth Circuit.
 Sept. 7, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and EUGENE E. SILER*, Jr., Chief District Judge.
 PER CURIAM.
 
 
 1
 In this appeal from an adverse decision by the Secretary and the district court denying claimed Social Security Act benefits, we find substantial evidence to support the administrative decision and no error in the district court's determination.
 
 
 2
 Plaintiff, Claude Alexander, applied for social security disability and supplemental social security income benefits on October 17, 1986.[1] Following the hearing, the administrative law judge (ALJ) issued a decision concluding that the plaintiff retains the residual functional capacity to perform the full range of light work. Plaintiff requested review of the hearing decision and the Appeals Council denied plaintiff's request.
 
 
 3
 Plaintiff was forty-eight years old at the time of his alleged onset of disability and fifty-three (53) years old at the time of the hearing before the ALJ. He has a tenth grade education and past work experience as a butcher and laborer. The record indicates that plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability on January 23, 1984.
 
 
 4
 Alexander claimed that he was disabled in January of 1984, due to arthritis and heart problems after working for many years for a single employer. Plaintiff indicated that he had been hospitalized in January 1984 for myocardial infarction; however, plaintiff did not undergo surgery during his hospital stay. At the age of four, plaintiff's left leg was shortened two inches during a surgical procedure designed to combat osteomyelitis, an inflammation of the bone caused by bacterial infection. Since the surgery, plaintiff has used an orthopedic device to compensate this longstanding handicap. Although plaintiff worked for more than thirty years with this condition, he testified at the hearing that his condition had deteriorated.
 
 
 5
 The ALJ determined, however, that plaintiff did not have any "disabling" impairment or combination of impairments that would preclude his performance of substantial gainful activity. Specifically, the ALJ found that although plaintiff was unable to return to his past relevant work as a butcher and/or a laborer, he retained the residual functional capacity to perform the full range of light work.
 
 
 6
 The standard of review applied by this court in reviewing a determination by the Secretary is whether the decision is supported by substantial evidence. Young v. Secretary, H.H.S., 787 F.2d 1064, 1066 (6th Cir.1986) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also 42 U.S.C. Sec. 405(g) (1982); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). We do not conduct a de novo examination of the case, nor resolve conflicts in the evidence, nor decide questions of credibility. Garner, 745 F.2d at 387. When supported by substantial evidence, the Secretary's findings of fact shall be conclusive and shall not be overturned. 42 U.S.C. Sec. 405(g).
 
 
 7
 The Supreme Court has defined "substantial evidence" as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The existence of substantial evidence to support the Secretary's findings must be based upon the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980) (citing Futernick v. Richardson, 484 F.2d 647 (6th Cir.1973)). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966).
 
 
 8
 Plaintiff argues that the opinion of Dr. Portis, his treating physician, concluding that plaintiff was totally and permanently disabled, was not properly considered by the Secretary. The medical opinions and diagnoses of a treating physician are generally accorded substantial deference; however, they are not conclusive on the ultimate question of disability. 20 C.F.R. Sec. 404.152; Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985). Where there is substantial evidence to the contrary, the Secretary is not bound by the treating physician's conclusory statements of disability. Hall v. Bowen, 837 F.2d 272, 276 (6th Cir.1988) (holding that the ALJ may reject conclusory determinations of a treating physician when "good reasons are identified for not accepting them"); Hardaway v. Secretary, H.H.S., 823 F.2d 922, 927 (6th Cir.1987) (affirming the Secretary's denial of benefits despite the conclusions of three treating physicians that claimant was disabled); see also Duncan v. Secretary, H.H.S., 801 F.2d 847, 855 (6th Cir.1986).
 
 
 9
 A treating physician's opinion is accorded great weight only if that opinion is based on sufficient medical data. Miller v. Secretary, H.H.S., 843 F.2d 221, 224 (6th Cir.1988); Landsaw v. Secretary, H.H.S., 803 F.2d 211, 213 (6th Cir.1986) (rejecting two one-page letters from physicians not supported by underlying clinical data). Ultimately, the determination of disability is the prerogative of the Secretary. Harris, 756 F.2d at 435.
 
 
 10
 Dr. Portis, plaintiff's treating physician, examined plaintiff on February 5, 1987. He observed that plaintiff had a decreased range of motion in his left knee and hip joint causing "an abnormal shuffling type gait." Dr. Portis, however, noted that plaintiff did not have an orthopedic device such as a crutch or a cane with him at the time of the examination. He appeared mobile. In addition, Dr. Portis related that plaintiff had taken medication for his arthritic condition on and off for several years, but at the time of this examination was not taking any muscoskeletal medications.
 
 
 11
 Plaintiff's neurological exam was normal, and Dr. Portis deemed x-rays of plaintiff's leg unnecessary Dr. Portis diagnosed remote osteomyelitis with the probable onset of "traumatic arthritis," degenerative joint disease, and hypertension which he deemed to be "well controlled" by medication. Dr. Portis, however, did not make any determination of total disability on this first examination in 1987. In all events, plaintiff could not recover, based on this evidence, through February 1987.
 
 
 12
 One month later, Dr. Portis saw plaintiff again and noted that plaintiff came to the examination in a wheelchair. Dr. Portis then indicated that plaintiff was unable to seek any gainful employment because of his inability to sit, stand, walk or lie comfortably. Dr. Portis expressed a belief also that plaintiff's disability was of a permanent nature.
 
 
 13
 When contacted for a medical assessment in March of 1988, Dr. Portis opined in a one page letter that plaintiff was totally and permanently disabled. Dr. Portis concluded that plaintiff's osteomyelitis and hypertension rendered him totally disabled, although these conditions had not prevented plaintiff from engaging in substantial gainful activity in the past and plaintiff's hypertension was previously noted to be "well controlled."
 
 
 14
 The ALJ based his findings in part upon his personal observations of plaintiff at the hearing but also upon the medical reports of Drs. Walter P. Griffey and Tom C. Wood. In contrast to Dr. Portis, Drs. Griffey and Wood, after examination, concluded that plaintiff was capable of performing light work. Conflicts in the evidence, such as inconsistencies in the treating physician's observations and differences of opinion between the examining physicians, must be resolved by the Secretary. Hall v. Bowen, 837 F.2d at 276. We do not decide fact questions ordinarily involving the credibility of a witness unless there is no support in the report. Garner, 745 F.2d at 387. Considering the evidence of this record as a whole, we conclude that the ALJ's decision that plaintiff maintains the residual functional capacity to perform the full range of light work is supported by substantial evidence.
 
 
 15
 Finally, plaintiff claims that the ALJ should have considered the treating physician's opinion regarding plaintiff's ability to balance himself and walk before application of the grid. Dr. Portis' own reports do not include any indication that plaintiff had problems maintaining his balance. We find no error in this respect.
 
 
 16
 Accordingly, we AFFIRM the district court decision.
 
 
 
 *
 THE HONORABLE EUGENE E. SILER, JR., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Plaintiff previously filed other applications for benefits after the alleged onset of his original disabling condition on February 23, 1984. Plaintiff filed an application on February 23, 1984, which was denied initially and on reconsideration. Plaintiff made application for a second time on March 4, 1985. This request also was denied initially and on reconsideration. Plaintiff filed a third application on January 30, 1986. This application was denied initially and on reconsideration. Plaintiff did not request a hearing on any of these denials, but chose to make a new application in October of 1986. This application forms the basis of the present appeal