Sharonlyn WILLIAMS, Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant.

No. 99–CV–72641.

United States District Court,
E.D. Michigan,
Southern Division.

May 12, 2000.

Lewis M. Seward, Seward, Tally & Piggott, P.C., Bay City, MI, for plaintiff.

Elizabeth J. Larin, Assistant United States Attorney, Detroit, MI, for defendant.

**MEMORANDUM AND ORDER REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND REMANDING THIS CASE FOR AN IMMEDIATE AWARD OF BENEFITS**

COHN, District Judge.

I.

This is a Social Security case. Sharonlyn D. Williams (Williams) appeals from the final determination of the Commissioner of Social Security (Commissioner) that she was not disabled at the time of her application and therefore was not entitled to supplemental security income benefits (benefits). Williams applied for benefits, claiming she was disabled since September 1, 1995 as a result of scoliosis, severe lower back pain, arthritis in both legs and knees, and a pinched nerve in her left hand. Her application was denied initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ), where Williams was represented by coun-

sel. The ALJ later issued a written opinion finding that Williams was not under a "disability" within the meaning of the Social Security Act and could perform a full range of sedentary and light unskilled work. The Appeals Council found no basis to grant a review of the ALJ's determination.

Williams instituted this action for judicial review of the determination pursuant to 42 U.S.C. § 405(g). The matter was referred to a magistrate judge, before whom Williams filed a motion for summary judgment. The Commissioner responded, conceding that the ALJ's decision was not supported by substantial evidence. The Commissioner requested that the ALJ's decision be reversed and remanded for further proceedings under sentence four 42 U.S.C. § 405(g).[1] The Commissioner says that the ALJ failed to consider Williams' documented impairments of scleroderma and rheumatoid arthritis, and failed to adequately address and/or misrepresented the medical evidence of Williams' depression. Williams filed a reply, requesting that the ALJ's decision be reversed for an award of benefits. On April 19, 2000, the magistrate judge issued a report and recommendation (MJRR) that the case be remanded for further proceedings to include a new administrative hearing before a different ALJ.

Before the Court are the parties' objections to MJRR, discussed below.

## II.

Judicial review of a Social Security disability benefits application is limited to determining whether the decision of the ALJ is supported by substantial evidence. *Smith v. Secretary of Health and Human Serv.*, 893 F.2d 106, 108 (6th Cir.1989).[2] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The substantiality of the evidence must be based upon the record taken as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir.1973).

## III.

### A.

The MJRR accurately sets forth the facts, some of which are repeated here. Williams was thirty four years old at the time of the ALJ's decision. She has an eleventh grade education and is the mother of four minor sons. She resides with her sons in Flint, Michigan and is separated from her husband, from whom she receives no child support. She has past relevant work as a telemarketer, a cashier, and a sorter in a factory. Williams has not engaged in substantial gainful activity since October 1996, when she quit working as a telemarketer due to back pain. She subsequently sought medical treatment for her pain and has continued to do so ever since. Specifically, Williams has been diagnosed with varying degrees of and/or received treatment for the following conditions: scoliosis,[3] fibromyalgia,[4] rheumatoid

---

1. Sentence four of 42 U.S.C. § 405(g) provides:

   The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

2. Williams' first objection to the MJRR, contending that the magistrate judge failed to analyze the arbitrary and capricious nature of the ALJ's decision is not well taken. The standard of review is whether the decision is supported by substantial evidence, a point which the Commissioner concedes and the Court agrees.

3. Scoliosis is "an appreciable lateral deviation in the normally straight vertical line of the spine." Dorland's Medical Dictionary 1335 (24th ed.1965).

4. Fibromyalgia has been defined as "pain in the muscles, ligaments and tendons—the fibrous tissues in the body." *See* The Fibromyalgia Network web site found at http://www.fmnetnews.com/pages/basics.html.

arthritis, depression and scleroderma.[5]

### B.

Williams testified that she experiences arthritic pain in her back, shoulders, knees and hands. She also experiences swelling, discoloration and cramping in her hands. She has pain when grasping objects, and lifting a gallon of milk might cause her wrists to give out. After informing her doctor that she had difficulty in holding onto objects, she was eventually prescribed Methotrexate,[6] which causes her to suffer from the following side effects: dizziness, forgetfulness, and loss of balance.

### C.

The ALJ found that Williams had the severe impairments of scoliosis and fibromyalgia, but did not have an impairment or combination of impairments that would qualify as a disability under the Social Security Act. The ALJ also found that Williams' complaints of severe and chronic pain were not fully credible. The ALJ concluded that Williams retained the residual functional capacity to perform a restricted range of sedentary and light un-

skilled work, including her past relevant work as a telemarketer.

### IV.

### A.

■ Williams objects because the magistrate judge failed to consider the issue of whether the hypothetical to the vocational expert (VE) was proper. The Court agrees. Williams says that the ALJ failed to include some of Williams' documented limitations in the hypothetical, including her need to elevate her feet, which were supported by Williams' testimony and contained in a report completed by her treating physician, Dr. Alex K. Solik.[7]

Notably, the VE testified that if Williams had to elevate her feet waist high four times a day for 30 minutes, all work would be precluded. AR at p. 216. The VE further testified that giving full credit to Williams, testimony, "in addition to the material in the file, [referring to Dr. Solik's February 1998 report] I believe she would be precluded in any work activity." AR at p. 217. The ALJ, however, relied

---

5. Scleroderma is a "systematic disease which may involve the connective tissues of any part of the body, including the skin, heart, esophagus, kidney, and lung. The skin may be thickened, hard, and rigid, and pigmented patches may occur." Dorland's Medical Dictionary 1353 (24th ed.1965). So far, Williams' scleroderma has apparently affected only her skin, causing it to become hard. Scleroderma is a rare, chronic autoimmune disease for which at present, there are no proven treatments and no known cure. *See* Scleroderma from A to Z, web site found at http://www.sclero.org

6. Methotrexate is a drug used to treat Rheumatoid Arthritis and cancer. *See* The Pharmaceutical Information Network web site found at http://www.pharminfo.com.

7. The magistrate judge, like the ALJ, did not give controlling weight to this report. The magistrate judge found that Dr. Solik's report, dated February 3, 1998, "did not contain detailed clinical and diagnostic test evidence to support his extremely pessimistic

view assessments of plaintiff's physical capacities." Further, the report was "contrary to clinical findings that plaintiff was essentially free of neurological abnormalities, that she retained normal muscle tone and bulk, that she exhibited normal back and extremity ranges of motion, and that her gait was unimpaired." MJRR at p. 28. It is true that the medical reports, which date back to 1995, do not contain such information. For purposes of the VE's testimony, however, Dr. Solik's report that Williams must elevate her feet three to four times per day by laying down, and that her medication produces nausea and lightheadedness, is conclusive and uncontroverted evidence that is entitled to complete deference. *See Lashley v. Secretary of Health and Human Serv.*, 708 F.2d 1048, 1054 (6th Cir.1983).

The Commissioner argues that because Dr. Solik's report was prepared in conjunction with Williams' benefit application process, Dr. Solik's opinion that Williams is incapable of working is suspect. This argument is not persuasive.

on a hypothetical that did not consider the need to elevate feet during the day.[8]

### B.

Williams also objects because the magistrate judge failed to consider all of her impairments. Williams argues that her impairments in combination demonstrate that Williams' ability to work. Williams' objection essentially invokes the same argument presented to the magistrate judge—that a remand directing an award of benefits, not further proceedings, is appropriate. Indeed, this is the key issue before the Court.

■ The Court may reverse the Commissioner's decision without remand "only if all *essential factual issues* have been resolved and the record as a whole adequately established a plaintiff's entitlement to benefits." *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir.1994) (emphasis added). Here, the record reveals that Williams suffers from scoliosis, fibromyalgia, rheumatoid arthritis, depression and scleroderma, and has received continued treatment for all of these conditions. Although the ALJ considered only scoliosis and fibromyalgia, he found that these impairments were severe. The Court is convinced that, taking all of Williams' impairments in combination, together with the VE's testimony as explained above, the record as it now stands contains all of the essential facts and adequately establishes that Williams is disabled. *See* 20 C.F.R. §§ 404.1520; 20 C.F.R. § 416.920. Here, the ALJ not only failed to properly consider all of Williams' documented impairments, he mischaracterized and/or completely ignored the record

evidence, a point that the Commissioner concedes, in finding that Williams was not disabled. But for the ALJ's actions, Williams would have, and should have, been awarded benefits. Accordingly, a remand for an award of benefits, not for additional evidence, is warranted. *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir.1994)

Given this determination, the Court need not consider whether the case be remanded to a different ALJ. Further, as indicated at the hearing, this issue is also moot.

### IV.

The Court therefore DECLINES to adopt the MJRR. Williams' motion for summary judgment is GRANTED and this case is REMANDED to the Commissioner for an immediate award of benefits.

SO ORDERED.

8. The hypothetical also contained exertional limitations contrary to Williams' testimony and for which there was no medical support, i.e. that Williams could lift 10 pounds occasionally and 5 pounds frequently, stand for 30 minutes at a time. However, Williams testified that she could lift a gallon of milk, AR p. 208, and could stand for 30 minutes at the grocery store only if leaning on the shopping basket. AR at p. 188. Moreover, Dr. Solik's report states that Williams cannot lift more than 5 pounds and it was "difficult to lift even five pounds secondary to arthritic pain in hands and decreased circulation due to Scleroderma." AR at p. 171. The ALJ also failed to include any of Williams' documented nonexertional problems—depression and anxiety—as well as the side effects generated by her medication, including dizziness. Thus, the hypothetical upon which the ALJ relied, in which the VE opined that Williams was capable of unskilled light duty work, was not supported by the record evidence and therefore improper.