**Leadene BAKER, Plaintiff–Appellant,**

v.

**Joanne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

No. 03–2335.

United States Court of Appeals,
Sixth Circuit.

June 15, 2004.

Leadene Baker, Detroit, MI, pro se.

Janet Gumm, Social Security Administration, Office of the General Counsel, Region V, Chicago, IL, for Defendant–Appellee.

Before BOGGS, Chief Judge; MOORE, Circuit Judge; and QUIST, District Judge.[*]

*ORDER*

Leadene Baker, a pro se Michigan resident, appeals a district court order affirming the Commissioner's denial of her application for child's insurance benefits under 42 U.S.C. § 402(d). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Baker filed her application for child's insurance benefits on May 17, 1999, alleging that she was disabled since her birth on March 26, 1957. Baker sought entitlement to benefits under her deceased father's social security account. The application was denied initially and upon reconsideration.

After a hearing, an administrative law judge (ALJ) found that Baker was not entitled to benefits because after she reached the age of twenty-two, she had several years of substantial gainful activity. Therefore, Baker did not meet the re-

---

[*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

quirements of § 402(d). Accordingly, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Baker then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner. On appeal, Baker continues to argue that she is entitled to benefits.

The court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if her findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision. *Id.*

Under the statute, a child who performs substantial gainful activity after age twenty-two is not entitled to child's insurance benefits. 42 U.S.C. § 402(d)(1). According to Baker's social security earnings record, Baker earned income in 1981, 1982, 1986, 1987, 1988, and 1989. Baker does not dispute her earnings record.

Baker was born in 1957. She was eighteen in 1975, and twenty-two in 1979. Baker was married in 1978 and divorced in 1985. Baker attended culinary arts school from 1983 through 1985. Her education required her attendance for up to six hours a day, five days a week. In May 1999, Baker filed her request for benefits based on the earnings record of her father, who applied for disability in 1983 and died in 1986. In 1999, Baker was found entitled to disability benefits, based on her own earnings record, with an onset date of 1989.

To satisfy the requirements of child insurance benefits, Baker must establish that she was disabled as a child or that she is disabled as an adult and that she was continuously disabled from the date of her twenty-second birthday in 1979 through the date that she applied for benefits. *See* 42 U.S.C. § 402(d)(1); *see also Futernick v. Richardson*, 484 F.2d 647, 648 (6th Cir. 1973).

Substantial evidence supports the Commissioner's decision. The record establishes that Baker engaged in substantial gainful activities for several years after she had attained the age of twenty-two. Because of this employment history, Baker was not entitled to benefits under the statute. *Futernick*, 484 F.2d at 648. Therefore, the Commissioner's decision is supported by substantial evidence.

In her brief, Baker refers to numerous medical reports regarding her condition. She also attaches various medical documents to her brief. However, this evidence is irrelevant. As Baker clearly engaged in substantial gainful activity for several years after her twenty-second birthday, she is not entitled to child's insurance benefits.

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.